UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA GREENBERG,

    Plaintiff,

v.                              Case No: 2:15-cv-42-FtM-29CM

STEPHEN FLEISCHER,

    Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of the parties' Stipulation for Entry of Judgment Confirming Arbitration Award (Doc. #10) filed on February 27, 2015. Plaintiff seeks to confirm the August 13, 2014, the Arbitration Panel Award (Doc. #10-2, Exh. 2) expunging all references to Stephen Fleischer's complaint from Joshua Greenberg's professional record maintained by the Central Registration Depository. Because the Complaint fails to set forth a basis for subject matter jurisdiction, the stipulation is denied, the Complaint is dismissed without prejudice, and plaintiff is granted leave to file an amended complaint and motion.

    "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Courts have "the obligation to inquire into subject matter jurisdiction whenever it may be lacking." Baltin v. Alaron

<u>Trading Corp.</u>, 128 F.3d 1466, 1468 (11th Cir. 1997) (citations omitted). Federal courts are authorized to confirm arbitration awards pursuant to the Federal Arbitration Act, which provides in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. It is well established, however, that this is not itself a grant of jurisdiction to federal courts. Rather, a plaintiff has to establish an independent basis for federal jurisdiction in order to seek confirmation of an arbitration award

in federal court.  Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 581-82 (2008).

The Complaint (Doc. #1) alleges that plaintiff is an individual residing in the State of New York and defendant is an individual residing in the State of Florida.  (Doc. #1, ¶¶ 1-2.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).   Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Where the parties reside is not a jurisdictional allegation pursuant to 28 U.S.C. § 1332 because diversity jurisdiction requires allegations of domicile, not residency.  There are also no allegations of an amount in controversy.

Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the case arises under the Federal Arbitration Act.  (Id., ¶ 3.)  As noted above, however, the Federal Arbitration Act cannot serve as an independent basis for jurisdiction.  Because no other basis is set forth, the Court finds that the Complaint (Doc. #1) must be dismissed without

prejudice for lack of jurisdiction. Plaintiff may file an Amended Complaint if federal jurisdiction can be pled. The parties may wish to consider whether the case is more properly filed in the Fort Lauderdale Division of the Southern District of Florida as the proper forum to seek confirmation. See 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.").

Accordingly, it is hereby

**ORDERED:**

1. The Parties' Stipulation for Entry of Judgment Confirming Arbitration Award (Doc. #10) is **DENIED**.

2. The Complaint (Doc. #1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Plaintiff may file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. If no amended complaint is filed in this District within this time period, the Clerk shall close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of March, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record